UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.  **CV 16-08246 MWF (AFMx)**                               Date:  November 10, 2016

Title     **Henry Ojeda, Trustee of the Henry Ojeda Revocable Family Trust Dated January 12, 1993 v. Miguel Bernal; Does 1 to 5**

Present: The Honorable:  MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

|  Rita Sanchez  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:
N/A

Attorneys Present for Defendant:
N/A

**Proceedings:  (In Chambers)**     **ORDER REMANDING MATTER TO STATE COURT**

On September 21, 2016, Henry Ojeda, Trustee of the Henry Ojeda Revocable Family Trust Dated January 12, 1993 ("Plaintiff") instituted unlawful detainer proceedings against Miguel Bernal (aka Daniel Bernal Miguel) and Does 1 to 5 ("Defendant") in state court. Defendant has allegedly continued in unlawful possession of the property located at 12230 Santa Fe Avenue #30-D, Lynwood, CA 90262 (the "Property") that is owned by Plaintiff. Defendant allegedly entered into a one-year lease of the Property on March 1, 2014, with rent at $1,250.00 per month. At the time of the 3-day notice to quit, the rent due by Defendant was allegedly $1,250.00. Plaintiff estimates the fair rental value of the property as $41.60 per day. Plaintiff filed his unlawful detainer complaint in state court after Defendant failed to comply with the notice to quit. Defendant removed the action to this Court on November 4, 2016. Defendant asserts federal question jurisdiction in this Court based on the Federal Debt Collections Practices Act. (Notice of Removal ¶ 4.) Diversity jurisdiction is alleged because "Plaintiff is incorporated in a state other than California and its principal place of business is located in states other than California. Thus the Plaintiff is not a citizen of California." (Notice of Removal, ¶ 6(a).) However, citizenship of the parties is not indicated on the Civil Cover Sheet.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-08246 MWF (AFMx)**                                         Date:  November 10, 2016

Title      **Henry Ojeda, Trustee of the Henry Ojeda Revocable Family Trust Dated January 12, 1993 v. Miguel Bernal; Does 1 to 5**

court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further a "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

     First, it is clear from the face of the Complaint that there is no diversity jurisdiction under 28 U.S.C. § 1332.  The Civil Cover Sheet does not indicate the citizenship of the parties, but even if Defendant could establish diversity, the amount in controversy is alleged to be below $10,000 (Compl. at 1) – well below the statutory threshold of $75,000.  Although Defendant argues that the face of Plaintiff's Complaint shows an amount in controversy greater than $75,000, Defendant has not plausibly shown how the amount in controversy requirement has been met based on Plaintiff's allegations.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).  The Complaint asserts a claim for unpaid rent totaling $1,250.00, plus attorney's fees through the entry of judgment.  (Compl. at 3.)  Plaintiff has alleged all of this will total less than $10,000, and Defendant has made no plausible allegations showing how those damages and any potential counterclaim damages would exceed $75,000.  And even if such an assertion were plausible, Defendant cannot justify diversity jurisdiction based on the alleged value of a yet-to-be asserted counterclaim.  *See Frantz v. Midland Corporate Tax Credit III Limited Partnership*, 2014 WL 4656475 at *2 (D. Id. 2014) (counterclaims cannot be used to satisfy the amount in controversy requirement to establish removal jurisdiction); *Franklin v. Car Financial Services, Inc.*, 2009 WL 3762687 at *2 (S.D. Cal. 2009) (same).

     Second, subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim.  (Compl. at 1.)  There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93.  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.  **CV 16-08246 MWF (AFMx)**                                Date:  November 10, 2016

Title       **Henry Ojeda, Trustee of the Henry Ojeda Revocable Family Trust Dated January 12, 1993 v. Miguel Bernal; Does 1 to 5**


     The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.


cc:  Pro Se Defendant


|  | : |
|---|---|
| **Initials of Preparer** | rs |